UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL DAVID MAYER,<br><br>Petitioner,<br><br>v.<br><br>DAVID B. LONG, Warden,<br><br>Respondent. | Case No. CV 14-71 AB(JC)<br><br>ORDER ACCEPTING FINDINGS, CONCLUSIONS, AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE |

**I.  SUMMARY**

Pursuant to 28 U.S.C. § 636, the Court has reviewed the Original Petition for Writ of Habeas Corpus ("Original Petition"), the operative First Amended Petition for Writ of Habeas Corpus by a Person in State Custody ("First Amended Petition") and all of the records herein, including the October 1, 2018 Report and Recommendation of United States Magistrate Judge ("R&R" or "Report and Recommendation") and petitioner's objections to the Report and Recommendation ("Objections").  The Court has made a *de novo* determination of those portions of the Report and Recommendation to which objection is made.  The Court concurs with and accepts the findings, conclusions, and recommendations of the United States Magistrate Judge, and overrules the Objections.

Although the Court has considered and overruled all of petitioner's Objections, the court further addresses certain of petitioner's Objections below.

## II. DISCUSSION OF CERTAIN OBJECTIONS

### A. Petitioner's Objection to Magistrate Judge's Citation of Evidence Not Introduced at Trial Is Overruled

Petitioner has objected to the Magistrate Judge's citation to a police report and an investigator affidavit in the Clerk's Transcript that were not introduced at trial – which the Magistrate Judge acknowledged were not presented to the jury and therefore did not "inform the Court's prejudice analysis" – as improper and prejudicial. See Objections at 2-3 (citing R&R at 29, nn. 15-16). The Court has not considered this "evidence" in concluding that petitioner is not entitled to federal habeas relief on his jury misconduct claim. Petitioner's objection is overruled.

### B. Petitioner's Objection to the Magistrate Judge's Finding That There Was No Jury Misconduct without Permitting Discovery or Holding an Evidentiary Hearing Is Overruled

Petitioner has objected to the Magistrate Judge's finding that there was no jury misconduct without permitting discovery or affording petitioner an evidentiary hearing. Petitioner asserts that he has been unable to adequately support his allegations of jury misconduct because he was wrongfully denied an evidentiary hearing (or access to juror identification information) by the state courts and subsequently by this Court. See Objections at 3-13 (claiming that a hearing is required to explore allegations of juror misconduct; citing Smith v. Phillips, 455 U.S. 209, 212, 216-17 (1995) (where juror was arguably biased because he had applied for a job with the prosecutor's office during trial, a post-trial hearing where juror in question testified was "sufficient to decide allegations of juror partiality" and satisfied due process); Remmer v. United States, 347 U.S. 227, 228 (1954) (where jurors discussed potentially prejudicial extrajudicial information provided

by a third party, a hearing was required to determine potential bias); and <u>Bell v. Uribe</u>, 748 F.3d 857, 867 (9th Cir. 2014) ("the remedy for allegations of juror misconduct is a prompt hearing in which the trial court determines the circumstances of what transpired, the impact on the jurors, and whether or not the misconduct was prejudicial") (citing <u>Smith</u> and <u>Dyer v. Calderon</u>, 151 F.3d 970, 974-75 (9th Cir. ) (en banc), <u>cert. denied</u>, 525 U.S. 1033 (1998)), <u>cert. denied</u>, 135 S. Ct. 1545 (2015)).  Petitioner contends that the state courts' failure to hold a hearing was an unreasonable application of <u>Smith</u> and <u>Remmer</u>.  (Objections at 6).

### 1. 28 U.S.C. Section 2254(d) Limits This Court's Review to the Record Before the State Courts

As detailed in the Report and Recommendation, the state courts presumably denied petitioner's claim on the merits (<u>see</u> R&R at 10-13 (discussing applicable standard of review); <u>Johnson v. Williams</u>, 568 U.S. 289, 301 (2013) ("When a state court rejects a federal claim without expressly addressing that claim, a federal habeas court must presume that the federal claim has been adjudicated on the merits. . . .")), so this Court's review is limited to the record that was before the state courts.  See <u>Gulbrandson v. Ryan</u>, 738 F.3d 976, 993-94 (9th Cir. 2013) ("[F]or claims that were adjudicated on the merits in state court, petitioners can rely only on the record before the state court in order to satisfy the requirements of [28 U.S.C.] § 2254(d).  This effectively precludes federal evidentiary hearings for such claims because the evidence adduced during habeas proceedings in federal court could not be considered in evaluating whether the claim meets the requirements of § 2254(d).") (citing <u>Cullen v. Pinholster</u>, 563 U.S. 170, 185 & n.7, 187 n.11 (2011)), <u>cert. denied</u>, 573 U.S. 919 (2014), <u>reh'g denied</u>, 573 U.S. 981 (2014); <u>see also</u> 28 U.S.C. § 2254(d).

Petitioner appears to suggest that the Court's review under Section 2254(d)(2), which concerns the reasonableness of a state court's factual determinations, is not limited to the record before the state courts.  <u>See</u> Objections

3

at 6 n.1 (arguing that Cullen v. Pinholster is applicable to review under 28 U.S.C. § 2254(d)(1) only, and that the purpose of a federal evidentiary hearing is to "satisfy (d)(2)"). Contrary to petitioner's suggestion, "Pinholster and the statutory text make clear that [the] evidentiary limitation [to the record before the state courts] is applicable to 2254(d)(2) claims as well." Gulbrandson, 738 F.3d at 993 n.6 (citing § 2254(d)(2) and Pinholster, 573 U.S. at 185 n.7); see 28 U.S.C. § 2254(d)(2) (federal habeas relief may not be granted unless the state court's decision was based on "an unreasonable determination of the facts *in light of the evidence presented in the State court proceeding*") (emphasis added). Unless petitioner can show that the state court determinations were unreasonable under 28 U.S.C. section 2254(d), which petitioner has not done, this Court's review is limited to the record before the state courts.

### 2. The State Court Decisions Denying Petitioner's Jury Misconduct Claim Were Not Unreasonable under 28 U.S.C. Section 2254(d)

Under the circumstances of the present case, the trial court's denial of petitioner's new trial motion based on alleged jury misconduct, and the California Court of Appeal's rejection of petitioner's jury misconduct claim without holding an evidentiary hearing or permitting further discovery, were neither contrary to, nor an unreasonable application of clearly established federal law, as determined by the Supreme Court in Remmer or Smith. 28 U.S.C. § 2254(d).

Remmer and Smith do not stand for the proposition that any time evidence of juror misconduct comes to light due process requires the trial court to question the jurors about the alleged misconduct. Smith states only that this "may" be the proper course, and that a hearing "is sufficient" to satisfy due process. See Tracey v. Palmateer, 341 F.3d 1037, 1044-45 (9th Cir. 2003) (citing Smith, 455 U.S. at 217, 218), cert. denied, 543 U.S. 864 (2004). Smith leaves open whether a hearing is always required and what else may be "sufficient" to alleviate any due process

4

concerns. Tracey, 341 F.3d at 1044. Remmer states that it is error for a trial court to determine, *ex parte,* not to take corrective action from a claim of juror bias from alleged third party contact. Remmer, 347 U.S. at 229-30.

"[T]he Supreme Court *has* unequivocally and repeatedly held that due process requires a trial judge to endeavor to 'determine the effect' of occurrences tending to prejudice the jury when they happen." Tarango v. McDaniel, 837 F.3d 936, 947 (9th Cir. 2016) (citing Smith, 455 U.S. at 217), cert. denied, 137 S. Ct. 1816 (2017). "[T]he Fourteenth Amendment Due Process Clause forbids a trial judge from remaining idle in the face of evidence indicating probable juror bias." Sims v. Rowland, 414 F.3d 1148, 1156 (9th Cir.), cert. denied, 546 U.S. 1066 (2005).

> A court confronted with a colorable claim of juror bias *must undertake an investigation of the relevant facts and circumstances.* An informal in camera hearing may be adequate for this purpose; due process requires only that all parties be represented, and that the investigation be reasonably calculated to resolve the doubts raised about the juror's impartiality. So long as the fact-finding process is objective and reasonably explores the issues presented, the state trial judge's findings based on that investigation are entitled to a presumption of correctness.

Dyer v. Calderon, 151 F.3d at 974-75 (citations omitted; emphasis added).

Applying these standards to petitioner's case, the trial court's rejection of petitioner's claim without additional discovery was not contrary to or an unreasonable application of clearly established federal law. Unlike Remmer, the trial court permitted the parties to argue in a new trial motion why the jury allegedly was biased from the juror's remarks about repressed memory (after the defense had been given an opportunity to argue the same in a motion to unseal juror information), affording the court an opportunity to determine the

circumstances, the impact upon the jurors, and whether or not it was prejudicial. While the trial court did not bring in the jurors, who had completed their service for two months by the time any issue of possible jury misconduct was raised (see CT 1294-95, 1304-08), or otherwise unseal juror information so the parties could further interview the individual jurors in this case, no clearly established Supreme Court precedent required the judge to do so. Certainly, given the leeway Remmer and Smith allow, petitioner has not shown "that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility of fairminded disagreement." Harrington v. Richter, 562 U.S. 86, 103 (2011) (discussing 28 U.S.C. § 2254(d)(1)'s "unreasonable application" analysis).

Nor was the trial court's rejection of petitioner's jury misconduct claim an unreasonable determination of the facts in light of the record before the state court. 28 U.S.C. § 2254(d)(2). Petitioner has pointed to no specific factual findings by the state courts which allegedly were unreasonable; rather, petitioner essentially argues that the trial court's and California Court of Appeal's failure to hold an evidentiary hearing rendered the underlying factual determinations in denying the juror misconduct claim unreasonable. See Reply at 5, 32 (requesting an evidentiary hearing to more fully develop "the factual basis for Mayer's claim pursuant to [28 U.S.C. §] (d)(2)"); Objections at 6 n.1, 23-27 (arguing that an evidentiary hearing is required to establish unreasonableness under Section 2254(d)(2)). As explained above, the plain language of Section 2254(d)(2) limits review to the record that was before the state courts.

Here, the record before the trial court was that the defense had access to at least some of the jurors after the verdict which led to the raising of the misconduct claim. The defense did not indicate whether it obtained contact information for the jurors reportedly interviewed, or whether those jurors were asked to provide declarations to support petitioner's claim. Additionally, as the trial court was well

6

aware, the parties were permitted voir dire, during which it was disclosed that Juror No. 1 had a master's degree in psychology with an emphasis in child counseling. The defense could have used a peremptory challenge to remove Juror No. 1 if the defense had any concern about how Juror No. 1's personal experiences might influence deliberations. See RT 2155-56 (prosecutor arguing same in opposition to the defense's new trial motion based on alleged juror misconduct).

On this record, and in light of the allegations before the trial court about what happened during deliberations – which did not clearly suggest that Juror No. 1 took "outside materials" into the jury room versus sharing her own personal experience with the other jurors (see R&R at 17-19, 24-27 (detailing allegations)), the trial court's conclusion (and the California Court of Appeal's agreement) that there was no jury misconduct was not based on an unreasonable determination of the facts. Compare Grotemeyer v. Hickman, 393 F.3d 871, 878-79 (9th Cir. 2004) (finding no misconduct where juror allegedly told the jury that, based on her experience as a medical doctor, it was her opinion that Grotemeyer's mental disorders caused him to commit his crime and that he would receive treatment as part of his sentence; reasoning that: (1) juries had "long been instructed" that they are permitted to "draw from the facts which you find have been proved such reasonable inferences as you feel are justified *in light of your experience* and common sense"; and (2) counsel ordinarily have voir dire to learn what a veniremember does for a living, and may use peremptory challenges to avoid jurors whose experience would give them excessive influence) (citation omitted; emphasis original), cert. denied, 546 U.S. 880 (2005); see generally Taylor v. Maddox, 366 F.3d 992, 1000 (9th Cir.) (to find that a factual determination is unreasonable under § 2254(d)(2) – a "daunting standard – one that will be satisfied in relatively few cases" – the court must be "convinced that an appellate panel, applying the normal standards of appellate review, could not reasonably conclude that the finding is supported by the record."), cert. denied, 543 U.S. 1038 (2004),

abrogated on other grounds by Murray v. Schriro, 745 F.3d 984, 1000 (9th Cir. 2014).

For the reasons explained in the Report and Recommendation and herein, the Court concurs with the Magistrate Judge's finding, based on an independent review of the record before the state courts, that no misconduct occurred from Juror No. 1 sharing her personal experience with the jury. Having found no jury misconduct, the state courts' rejection of petitioner's claim was not unreasonable. 28 U..S.C. § 2254(d).

### C. Petitioner's Objection to the Magistrate Judge's Prejudice Analysis Is Overruled

Petitioner argues that the state courts unreasonably failed to apply a presumption of prejudice assertedly mandated by Mattox v. United States, 146 U.S. 140, 149 (1892) (applying presumption of prejudice to unauthorized third party communication with a juror), called into doubt on other grounds by Warger v. Shauers, 135 S. Ct. 521, 526-27 (2014), and Remmer, 347 U.S. at 229 (jury tampering is deemed presumptively prejudicial under Mattox), in evaluating whether he was prejudiced by the jury communications at issue. (Objections at 13). Petitioner now cites to Jeffries v. Wood, 114 F.3d 1484, 1490 (9th Cir. ) (en banc), cert. denied, 522 U.S. 1008 (1997), overruled on other grounds by Gonzalez v. Arizona, 677 F.3d 383, 389 n.4 (9th Cir. 2012) (en banc), aff'd, 133 S. Ct. 2247 (2014), to support his argument that the Mattox rule applies to his case.

"Mattox established a bright-line rule: Any unauthorized communication between a juror and a witness or interested party is presumptively prejudicial. . . ." Caliendo v. Warden, 365 F.3d 691, 696 (9th Cir.), cert. denied, 543 U.S. 927 (2004). The Mattox presumption does not apply in petitioner's case which does not involve communication with an outside party.

///

In any event, as the <u>Jeffries</u> Court stated, in determining whether information improperly put before a jury is prejudicial, "the appropriate focus should be on the nature of the information itself." <u>Jeffries</u>, 114 F.3d at 1490-92 (discussing factors in determining potential prejudice from external information given to a jury). For the reasons explained in the Report and Recommendation, which considered the nature of the information allegedly presented to petitioner's jury (<u>see</u> R&R at 27-34), even if the Court started with a presumption of prejudice the Court would find under the circumstances of petitioner's case no harm. The Court concurs with the Magistrate Judge's finding that Juror No. 1's remarks during deliberations did not have a substantial and injurious effect or influence on the jury's verdict.

**III. ORDER**

IT IS HEREBY FOUND AND ORDERED: (1) petitioner's "Other Claims" (as defined in the Report and Recommendation) in the Original Petition are unexhausted; (2) the Original Petition was "mixed"; (3) dismissal of the Original Petition absent the filing of the First Amended Petition omitting the unexhausted "Other Claims" would have been appropriate; (4) the United States Magistrate Judge properly afforded petitioner the option of amending the Original Petition to omit the unexhausted Other Claims, granted petitioner leave to file the First Amended Petition, denied the motion to dismiss the Original Petition as moot, and granted the motion to withdraw the motion to reactivate the Original Petition and for an order of stay and abeyance; (5) the operative First Amended Petition is denied and this action is dismissed with prejudice; and (6) Judgment shall be entered accordingly.

///
///
///
///

IT IS FURTHER ORDERED that the Clerk serve copies of this Order and the Judgment herein on counsel for petitioner and respondent.

IT IS SO ORDERED.

DATED: April 5, 2019

_____
HONORABLE ANDRE BIROTTE, JR.
UNITED STATES DISTRICT JUDGE